UNITED STATES COURT OF APPEALS
**Filed 8/23/96**
FOR THE TENTH CIRCUIT

TUYET MAI THI PHAM,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 95-4166
(D.C. No. 94-CV-593-A)
(D. Utah)

ORDER AND JUDGMENT[**]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Tuyet Mai Thi Pham (claimant) appeals from the district court's decision upholding the Secretary's denial of supplemental security income. Claimant alleged that she was unable to work because of syncopal episodes and pain. Following a hearing, the administrative law judge (ALJ) determined, at step two of the applicable five-step sequential analysis, 20 C.F.R. § 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988), that claimant had failed to meet her burden, see Williams, 844 F.2d at 751 n.2, of establishing that she suffered from a severe impairment that significantly limited her ability to do basic work-related activities, see 20 C.F.R. §§ 416.920(c), 416.921. The Appeals Council denied review, making the ALJ's determination the final decision of the Secretary.

This court will review the Secretary's decision to insure that the findings of fact are supported by substantial evidence and that the Secretary applied the law correctly. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995). On appeal, claimant argues that the ALJ's step two determination was not supported by

substantial evidence. Appellant's Br. at 1. Although the severity determination at step two requires claimant to make only a minimal showing of an impairment that significantly affects her ability to perform basic work activities, see Williams, 844 F.2d at 751, the record supports the Secretary's determination that claimant failed to make such a showing in this case.

The judgment of the United States District Court for the District of Utah is, therefore, AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge